IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARCUS I., by and through his parent and next best friend, KAREN I., | CIVIL NO. 10-00381 SOM/BMK |
| | ORDER DENYING MOTION FOR RECONSIDERATION |
| Plaintiff, | |
| vs. | |
| DEPARTMENT OF EDUCATION, State of Hawaii, | |
| Defendant. | |

ORDER DENYING MOTION FOR RECONSIDERATION

The court has reviewed the Motion for Reconsideration filed by Plaintiff Karen I., mother of Marcus I, asking the court to reconsider its Order Partially Vacating and Remanding the Hearings Officer's June 9, 2010, Decision. See ECF No. 37. The motion is denied.[1]

---

[1] Marcus's mother also filed a Notice of Appeal on June 6, 2011, attempting to appeal the same order. See ECF No. 39. However, Marcus's mother sought no Rule 54(b) certification or certificate permitting an interlocutory appeal be taken from this court. See Fed. R. Civ. P. 54(b); 28 U.S.C. § 1292(b). Whether the order remanding the case to the Hearings Officer may be appealed has not been addressed in the present case. See 28 U.S.C. §§ 1291, 1292; cf. Collord v. U.S. Dep't of Interior, 154 F.3d 933, 935 (9th Cir. 1998) (explaining the limited circumstances under which a district court's remand order may be appealed). If the court's remand order is not a final judgment, then the appeal is premature. If it turns out the court's order is an appealable final judgment, then the Motion for Reconsideration is properly construed as a motion to alter or amend judgment, which effectively divests the circuit court of jurisdiction until the motion is disposed of. See Fed. R. App. P. 4(a)(iv); Fed. R. Civ. P. 59(e). Either way, the filing of the Notice of Appeal did not divest this court of its jurisdiction to decide the present motion.

A party may ask the court to reconsider and amend a previous order pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Reliance Ins. Co. v. Doctors Co., 299 F. Supp. 2d 1131, 1153 (D. Haw. 2003). Rule 59(e) offers "an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" Reliance, 299 F. Supp. 2d at 1153 (quoting Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003)). Reconsideration under Rule 59(e) is appropriate only when "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." United Nat'l Ins. Co. v. Spectrum Worldwide, Inc., 555 F.3d 772, 780 (9th Cir. 2009) (quotation marks omitted); accord Local Rule 60.1 (setting forth substantively identical standard for reconsideration of interlocutory orders).

"Mere disagreement with a previous order is an insufficient basis for reconsideration." White v. Sabatino, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006). Nor may the reconsideration motion be "based on evidence and legal arguments that could have been presented at the time of the challenged decision." Comeaux v. Hawaii, Civ. No. 06-00341 SOM/BMK, 2007 WL 2300711, at *1 (D. Haw. Aug. 8, 2007) (citation omitted). "Whether or not to grant reconsideration is committed to the

2

sound discretion of the court." White, 424 F. Supp. 2d at 1274 (citing Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003)).

Although Marcus's mother may disagree with the court's rulings, the Motion for Reconsideration must be denied because it raises no new evidence, no intervening change in the law, and no manifest error of law or fact. Her argument that the Hawaii Administrative Rules required the DOE to offer an "appropriate setting," and not a particular school, Mot. 5-6, merely repeats her prior briefing. And Union School District v. Smith, 15 F.3d 1519 (9th Cir. 1994), does not represent new law requiring reconsideration of the court's order affirming denial of residential placement to Marcus. See Mot. 7-8.

Marcus's mother also complains that remanding the case will necessarily require DOE witnesses to provide inadmissible lay opinion testimony regarding what other agencies might be available to help implement Marcus's IEP. Mot. 4-5. This mischaracterizes the court's order. The order merely directs the Hearings Officer to determine whether Baldwin High School would have been able to implement aspects of Marcus's 2009 IEP for the 2009-10 school year. The court's order nowhere directs or requires the Hearings Officer to obtain lay opinion testimony, admissible or inadmissible, from DOE witnesses. How the Hearings Officer receives evidence is not specified in the court's order,

and Marcus's mother remains free to make appropriate objections on remand.

The reply brief for this Motion requests that the court issue a "stay put" order.  See Reply 1-2, ECF No. 45; 20 U.S.C. § 1415(j).  This issue is not properly before the court.  The court recalls that Marcus's mother orally raised the issue of stay put at the hearing on April 25, 2011, concerning Marcus's appeal.  See Minutes, ECF No. 33.  After a discussion with the parties, the court instructed the parties to meet and confer regarding whether there was a need for a judicial stay put order in this case.  The court explained that, if such an order was required, Marcus's mother would need to bring a separate motion because the stay put issue had not previously been raised or briefed by either party.  Marcus's mother submitted no new motion.

The court declines to construe this request as a proper motion.  It was raised for the first time in a reply brief to a Motion for Reconsideration, and an appeal of the court's earlier order is already pending.  If Marcus's mother would like to request a stay put order, she will need to submit proper briefing before this court that (1) argues the legal merits of the motion, (2) addresses the outcome of the parties' meeting(s) regarding the stay put issue, and (3) addresses the jurisdictional question of whether the court may enter a stay put order, given the remand

4

to the Hearings Officer and the pending appeal to the Ninth Circuit.

Finally, the court denies Marcus's mother's request that the case be assigned to Judge David Alan Ezra if it is again appealed after the remand. Pursuant to Local Rule 40.2, when cases "involve the same or substantially identical transactions, happenings, or events, or the same or substantially the same parties . . . or subject matter," the cases may be assigned at the outset to the same judge. There is no question that a new appeal to this court following the present remand to the Hearings Officer would involve "the same or substantially identical" happenings, events, or parties at that time as it does now. Indeed, the court is ordering a remand merely so that the Hearings Officer may answer two specific questions posed by this court regarding Marcus's 2008 PWN and 2009 IEP. Because any new appeal to this court would be related to the present case, there would be no impropriety in assigning the new appeal to the same judge.

The court recognizes that Local Rule 40.2 does not require assignment to the same judge, and random assignment to another judge would not violate Local Rule 40.2. However, Marcus's mother specifically requests Judge Ezra. Without citing to anything in the record of this case, Marcus's mother says that the present judge "appears to be biased in its assessment of the

evidence" and argues that Marcus "is entitled to an unbiased disposition of the issues in this matter." Mot. 8-9. Marcus's mother asks that this judge recuse herself in a further "inevitable" appeal. Marcus's mother also complains that "[t]he Court in this case . . . has previously allowed the attorneys for the DOE to either re-brief their weak arguments or as in this matter, to have the case remanded in an effort to bolster their client's position." Mot. 8. This court is not certain what gives rise to the reference to rebriefing of weak arguments, as Marcus's mother does not point to specific "rebriefing" in this case. If Marcus's mother is referring to supplemental briefs ordered in other actions, then this court recollects an instance in which the court ordered supplemental briefing by all parties on a matter a student was advancing but that the student had mentioned only in the conclusion of a brief, without any analysis or citation. Thus, that rebriefing was designed to allow the student to support an argument. Contrary to Marcus's mother's assertion, this court, in ordering a remand in the present case, has no expectation or desire to disadvantage Marcus or to assist the DOE. It is precisely because the court cannot determine certain matters that it has ordered a remand, which may turn out, for all this court knows, to be beneficial to Marcus.[2]

---

[2]Arguing that the remanded issues have already been sufficiently addressed, Marcus's mother, at page 5 of the reconsideration motion, has an italicized paragraph that appears

6

The Motion for Reconsideration is DENIED. If Marcus's mother desires a resolution of the stay put issue, the court repeats its earlier direction that the parties confer on the matter. If the parties are in agreement, then a ruling on the matter is unnecessary. If the parties disagree, then briefing on the areas of disagreement is appropriate, including briefing on the issue of whether this court retains jurisdiction over the issue. Any such briefing that Marcus's mother may seek to address to this court should be by way of motion filed no later than June 30, 2011.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 14, 2011.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Marcus I. v. Department of Education; Civil No. 10-00381 SOM/BMK; ORDER DENYING MOTION FOR RECONSIDERATION

---

to be a quotation of an administrative finding but that does not appear in the Hearings Officer's decision.