IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MARCUS I., by and through his parent and next best friend, KAREN I., | ) ) ) ) | CIVIL NO. 10-00381 SOM/BMK ORDER DENYING (1) DEFENDANT'S MOTION FOR A PRELIMINARY |
| Plaintiff, | ) ) | INJUNCTION AND (2) DENYING AS MOOT PLAINTIFF'S MOTION FOR |
| vs. | ) ) | AN ORDER TO SHOW CAUSE WHY DEFENDANT SHOULD NOT BE HELD |
| DEPARTMENT OF EDUCATION, State of Hawaii, | ) ) ) | IN CONTEMPT, DIRECTING THAT A GARNISHEE SUMMONS ISSUE, AND IMPOSING SANCTIONS |
| Defendant. _____ | ) ) | |

**ORDER (1) DENYING DEFENDANT'S MOTION FOR A PRELIMINARY INJUNCTION AND (2) DENYING AS MOOT PLAINTIFF'S MOTION FOR AN ORDER TO SHOW CAUSE WHY DEFENDANT SHOULD NOT BE HELD IN CONTEMPT, DIRECTING THAT A GARNISHEE SUMMONS ISSUE, AND IMPOSING SANCTIONS**

**I.      INTRODUCTION.**

On April 12, 2012, this court granted Plaintiff Marcus I.'s motion seeking a stay-put order authorizing Marcus to stay at his current private school, Loveland Academy, and requiring Defendant Department of Education ("DOE") to pay that expense through completion of the present litigation. Marcus is an autistic child receiving services from the State of Hawaii under the Individuals with Disabilities Education Act ("IDEA"). The DOE's appeal of the stay-put order is now pending before the Ninth Circuit.

Two motions are now before the court. The first is the DOE's motion seeking a stay of this court's stay-put order pending disposition of its appeal. The DOE styles this as a

preliminary injunction motion, although there is nothing "preliminary" about it. The court DENIES that motion. The second is Marcus's motion asking this court to hold the State of Hawaii and/or the Superintendent of the DOE, Kathryn Matayoshi, in civil contempt, or, in the alternative, to issue a garnishee summons to First Hawaiian Bank, which allegedly holds funds for the DOE and the State of Hawaii, for the amount of money owed to Loveland for Marcus's tuition ("contempt motion"). Because the DOE has recently paid Loveland's bills, Marcus's contempt motion is DENIED as moot.

## II. BACKGROUND.

The court incorporates and adopts as its findings of fact the extensive factual background laid out in its Order Partially Vacating and Remanding the Hearings Officer's June 9, 2010, Decision, ECF No. 34, and its Order Granting Plaintiff's Motion for Stay-Put, April 12, 2012, ECF No. 68. For the convenience of the parties, the court here summarizes the procedural background relevant to the present motions.

On May 25, 2012, Marcus filed the contempt motion now before the court, arguing that the DOE was continuing its refusal to comply with this court's stay-put order relating to Marcus's placement at Loveland. On May 29, 2012, the DOE filed the preliminary injunction motion now before the court, seeking to stay enforcement of the stay-put order.

On June 14, 2012, this court held a hearing on Marcus's original contempt motion, which the court found unclear. At that hearing, the court instructed Marcus to file a supplemental memorandum stating exactly what contempt sanctions he was seeking and against whom they should issue, and to include law establishing that this court could impose such sanctions. ECF No. 84. The court invited the DOE to respond. Id. The court also continued the hearing on the contempt motion until August 21, 2012, when it would be hearing argument on the preliminary injunction motion. Both parties filed supplemental memoranda.

On August 15, 2012, less than one week before the continued hearing on the contempt and preliminary injunction motions, the DOE filed another supplemental memorandum stating that, on July 31, 2012, it had paid all of the outstanding bills for Loveland. At the continued hearing on the contempt motion, Marcus agreed that the DOE had substantially paid the money owed to Loveland for Marcus's tuition through June 2012.

**III.   ANALYSIS.**

    **A.   Preliminary Injunction Motion.**

The DOE seeks a stay of this court's stay-put order. The DOE proceeds under Rule 65 of the Federal Rules of Procedure and seeks what it calls a "preliminary injunction," an unusual type of order for a case already on appeal. There is, after all, nothing for this court to *preliminarily* enjoin. "The purpose of

a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." Univ. of Texas v. Camenisch, 541 U.S. 390, 395 (1981). This court has already ruled on the merits of this case. Marcus initiated this action as an appeal from a decision by an administrative hearings officer. This court ruled on the merits of that appeal on May 9, 2011, vacating and remanding parts of the hearings officer's decision. A Rule 65 preliminary injunction is inappropriate under the present circumstances.

In the alternative, the DOE requests that this court stay its stay-put order upon its posting of a supersedeas bond pursuant to Rule 62(d) of the Federal Rules of Civil Procedure. The DOE does not establish that Rule 62(d) applies to the court's stay-put order. Under Rule 62(d), a party is generally entitled to a stay upon the filing of a supersedeas bond as a matter of right.[1] See American Civil Liberties Union of Nevada v. Mastro, 670 F.3d 1046, 1066 (9th Cir. 2012). However, Rule 62(d) excludes an "action described in Rule 62(a)(1) or (2)." Rule 62(a) describes orders that are not automatically stayed after being entered, including "an interlocutory or final judgment in

---

[1] Rule 62(d) states: "If an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2). The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond."

an action for an injunction or a receivership."[2]  Fed. R. Civ. P. 62(a)(1).  If this court's stay-put order is an order enjoining the DOE from ceasing payments to Loveland on behalf of Marcus, then Rule 62(d) is inapplicable.

In NLRB v. Westphal, 859 F.2d 818, 819 (9th Cir. 1988) (per curiam), the Ninth Circuit affirmed a district court's denial of a Rule 62(d) motion to stay an order enforcing subpoenas.  The Ninth Circuit stated that it found persuasive the Seventh Circuit's reasoning that Rule 62(d) applies only to money judgments.  Id. (citing Donovan v. Fall River Foundry Co., 696 F.2d 524 (7th Cir. 1982)).  See also In re Capital West Investors, 180 B.R. 240, 245 (N.D. Cal. 1995) (denying a Rule 62(d) motion to stay a bankruptcy court order confirming a debtor's reorganization plan "[b]ecause the stay of right under

---

[2]  Rule 62(a) states in its entirety:

> Automatic Stay; Exceptions for Injunctions, Receiverships, and Patent Accountings. Except as stated in this rule, no execution may issue on a judgment, nor may proceedings be taken to enforce it, until 14 days have passed after its entry.  But unless the court orders otherwise, the following are not stayed after being entered, even if an appeal is taken:
>
> (1) an interlocutory or final judgment in an action for an injunction or a receivership; or
>
> (2) a judgment or order that directs an accounting in an action for patent infringement.

5

Rule 62(d) has been limited to an appeal from a money judgment or its equivalent . . . and because an order of confirmation is not a money judgment or the like").

Although this court's stay-put order requires the DOE to pay money, it is not a money judgment. Rather, the Ninth Circuit has repeatedly referred to stay-put orders as "automatic injunctions." See, e.g., N.D. v. Haw. Dept. of Educ., 600 F.3d 1104, 1111 (9th Cir. 2010); Joshua A. v. Rocklin Unified Sch. Dist., 559 F.3d 1036, 1037 (9th Cir. 2009); Doe v. Maher, 793 F.2d 1470, 1486 (9th Cir. 1986). This court thus treats its stay-put order as an injunction and concludes that it falls within the exceptions to Rule 62(d).

Even if this court's stay-put order is not in the nature of an injunctive relief order covered by Rule 62(a)(1), it still fails to fall within Rule 62(d). That is because the DOE wants to post a bond to stay payments to a nonparty. The whole theory behind a supersedeas bond is that a prevailing party may recover on a judgment through the bond if, at the end of appellate proceedings, the losing party cannot itself satisfy the judgment. What the DOE seeks, however, concerns payments to Loveland, a nonparty, who would have no security if the DOE posted a bond in favor of Marcus and his parents! In the past, the DOE has apparently greatly delayed payments to Loveland, which, to Marcus's benefit, has not immediately suspended

services to Marcus. In such circumstances, the court questions whether a bond would guarantee eventual payment to a nonparty like Loveland.

Moreover, it is unclear how much money the DOE would be required to bond. The DOE has already paid amounts owed to Loveland to date, and it is unclear how much it will have to pay going forward. There has been no indication as to when the Ninth Circuit will rule on the DOE's appeal. The DOE is not entitled to a stay of this court's stay-put order under Rule 62(d).

The court notes that, at the hearing on the DOE's preliminary injunction motion, the DOE's attorney committed to paying Loveland's future bills, thus indicating that the DOE does have the funds to do so.

Finally, although it was not properly briefed, the DOE appears to also be relying on Rule 62(c) in seeking a stay. The DOE's motion states that it is brought under 62(c), but the memorandum supporting the motion does not address Rule 62(c). The DOE, in any event, is not entitled to a stay under Rule 62(c).

Generally, once an appeal has been filed, a "district court is divested of jurisdiction over the matters being appealed." Natural Resources Defense Council, Inc. v. Sw. Marine Inc., 242 F.3d 1163, 1166 (9th Cir. 2001) (citing Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) (per

curiam), and McClatchy Newspapers v. Central Valley Typographical Union No. 46, 686 F.2d 731, 734 (9th Cir. 1982)). However, Rule 62(c) contains an exception to that rule. Under Rule 62(c) a court may "suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights."

The Ninth Circuit has explained that Rule 62(c) "grants the district court no broader power than it has always inherently possessed to preserve the status quo during the pendency of an appeal; it 'does not restore jurisdiction to the district court to adjudicate anew the merits of the case.'" National Resources Defense Council, 242 F.3d at 1166 (quoting McClatchy Newspapers, 686 F.2d at 734). "[A]ny action taken pursuant to Rule 62(c) 'may not materially alter the status of the case on appeal.'" Id. (quoting Allan Ides, The Authority of a Federal District Court to Proceed After a Notice of Appeal Has Been Filed, 143 F.R.D. 307, 322 (1992)). Under Rule 65(c), this court "only 'retains jurisdiction during the pendency of an appeal to act to preserve the status quo.'" Small v. Operative Plasterers' and Cement Masons' Int'l Assoc. Local 200, 611 F.3d 483, 495 (9th Cir. 2010) (quoting Natural Resources Defense Council, 242 F.3d at 1166).

The stay requested by the DOE does not seek to preserve the status quo. Marcus is currently attending Loveland at the

DOE's expense pursuant to this court's stay-put order. His future tuition will not be paid by the DOE if this court grants the stay requested by the DOE. A stay of the stay-put order would have the same effect as a ruling by this court that Marcus is not entitled to stay-put. A stay may make it impossible for Marcus to continue attending Loveland, if his parents are unable to make the payments. Although the court acknowledges that staying its order would not affect the issues on appeal, the requested stay would change, not preserve, the status quo as far as the parties are concerned. This court lacks jurisdiction to change the status quo.

Not does the DOE show that a stay is warranted. "There is substantial overlap between [the factors governing stays] and the factors governing preliminary injunctions." Nken v. Holder, 556 U.S. 418, 434 (2009) (citing Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7 (2008)). See also Miller v. Carlson, 768 F. Supp. 1341, 1342 (N.D. Cal. 1991) ("[The] standard for evaluating the desirability of a stay pending appeal is quite similar to that which the Court employ[s] in deciding to grant [a] preliminary injunction." (citing Lopez v. Heckler, 713 F. 2d 1432, 1435 (9th Cir. 1983))).

In deciding whether a stay is appropriate, the court looks to four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2)

whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Nken, 556 U.S. at 434 (quoting Hilton v. Braunskill, 481 U.S. 770, 776 (1987)).  See also Perry v. Schwarzenegger, 702 F. Supp. 2d 1132, 1135 (N.D. Cal. 2010).

"A stay is not a matter of right, even if irreparable injury might otherwise result." Nken, at 433 (quoting Virginian Ry. Co. v. United States, 272 U.S. 658, 672 (1926)).  "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." Id. at 433-34 (citing Clinton v. Jones, 520 U.S. 681, 708 (1997), and Landis v. North American Co., 299 U.S. 248, 255 (1936)).  The DOE does not carry its burden.

With respect to the likelihood of success on the merits, this court has already expressed its opinion in its stay-put order.  The Ninth Circuit expressly stated that Marcus is entitled to stay put at Loveland Academy.  Although the DOE has a point in arguing that the stay-put issue before this court was not fully litigated before the Ninth Circuit, this court cannot ignore the Ninth Circuit's express statement.

With respect to irreparable harm, the DOE argues that it will suffer irreparable harm by paying Marcus's tuition because it contends that it will be unable to recoup those funds

even if it prevails on the merits of its appeal.  This court rejected a similar argument made by the DOE in denying the DOE's preliminary injunction motion in Dep't of Educ., Haw. v. C.B., Civ. No. 11-00576 SOM/RLP.  See Order Denying Plaintiff's Motion for a Preliminary Injunction, Civ. No. 11-00576 SOM/RLP, 2012 WL 220517 (D. Haw. Jan. 24, 2012).  The court adopts that rationale here.

With respect to injury to other parties, the DOE's requested injunction may well harm Marcus severely.  The Ninth Circuit has stated that Congress recognized a "heightened risk of irreparable harm inherent in the premature removal of a disabled child to a potentially inappropriate educational setting." Joshua A., 559 F.3d at 1040.

With respect to the public interest, the court notes that this case involves competing interests that were also in issue in C.B.  As it contended in C.B., the DOE here argues that an injunction is in the public interest because "the public does not benefit in having its taxpayer dollars spent frivolously on unilateral private placements, especially those placements that are not . . . current educational placements."  Def.'s Mot. for Preliminary Injunction at 8-9, ECF No. 77-1.  However, the public interest is also served by the orderly enforcement of court orders, particularly stay-put orders, which function as automatic injunctions.

Of utmost concern to the court is the recognition that staying the stay-put order would contravene the purpose of the stay-put statute. "The purpose of the stay put provision is to maintain the status quo and to prevent school districts from unilaterally denying placement to a student while a dispute over the placement is being resolved." Joshua A. ex rel. Jorge A. v. Rocklin Unified School Dist., 2007 WL 2389868, at *2 (E.D. Cal. Aug. 20, 2007) (citing Honig v. Doe, 484 U.S. 305, 326 (1998), and Van Scoy v. San Luis Coastal Unified Sch. Dist., 353 F. Supp. 2d 1083, 1086 (C.D. Cal. 2005)). Forcing Marcus to leave Loveland for nonpayment of tuition is the very result the stay-put provision is designed to prevent.

Taking into consideration the unique facts and background of this case, the court denies the DOE's request that it stay enforcement of its stay-put order.

**B. Contempt Motion.**

Marcus's contempt motion is DENIED as moot. The purpose of holding a party in civil contempt is to coerce compliance with a court order. There is no action to be coerced in the present case because, as Marcus concedes, the DOE has substantially paid the outstanding dues owed to Loveland for Marcus's tuition. Marcus may have a good argument that sanctions should issue under the court's inherent power or under 28 U.S.C. § 1927. However, the DOE was not on notice that Marcus was

proceeding on those grounds.  Nor is Marcus's request for sanctions in the form of attorney's fees supported by the detail required under Local Rule 54.3.

**IV.    CONCLUSION.**

The DOE's preliminary injunction motion and Marcus I.'s contempt motion are DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 24, 2012.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Marcus I. v. Department of Education; Civil No. 10-00381 SOM/BMK; ORDER (1) DENYING DEFENDANT'S MOTION FOR A PRELIMINARY INJUNCTION AND (2) DENYING AS MOOT PLAINTIFF'S MOTION FOR AN ORDER TO SHOW CAUSE WHY DEFENDANT SHOULD NOT BE HELD IN CONTEMPT, DIRECTING THAT A GARNISHEE SUMMONS ISSUE, AND IMPOSING SANCTIONS